## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| FRANK FITZGIBBONS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR FOR THE ESTATE OF BONNIE FITZGIBBONS, | § § § § § § | |
| Plaintiff, | § § | Cause No. 3:12-cv-00614-DRH-SCW |
| vs. | § § | |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM CORPORATION, BOEHRINGER INGELHEIM USA CORPORATION, AND BOEHRINGER INGELHEIM VETMEDICA, INC. | § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | | |

### ORDER

### GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANTS BOEHRINGER INGELHEIM CORPORATION, BOEHRINGER INGELHEIM USA CORPORATION AND BOEHRINGER INGELHEIM VETMEDICA, INC.

This Order applies to claims brought by Plaintiff in the above mentioned action pending in the Southern District of Illinois asserting personal injury claims relating to the prescription pharmaceutical product PRADAXA® ("Pradaxa"). Plaintiff's claims are directed against several entities including Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer

Ingelheim USA Corporation, and Boehringer Ingelheim Vetmedica, Inc. (collectively "Defendants").

Defendant Boehringer Ingelheim Corporation, Defendant Boehringer Ingelheim USA, Corporation, and Defendant Boehringer Ingelheim Vetmedica, Inc. have represented that they have no involvement with the design, testing, manufacture, marketing, sale, labeling, promotion or any other aspect of Pradaxa.

Based on these representations, Plaintiff has agreed to voluntarily dismiss *without prejudice* Defendant Boehringer Ingelheim Corporation, Defendant Boehringer Ingelheim USA, Corporation, and Defendant Boehringer Ingelheim Vetmedica, Inc. ("Dismissed Defendants") pursuant to FED. R. CIV. P. 41(a)(2). The Dismissed Defendants and Plaintiff agree to the terms of this Order as follows:

1. Provided the statute of limitations applicable to Plaintiff's claim will expire within one year from the date of the entry of this Order, then for a period of one year from the date of the entry of this Order by the Court, the statute of limitations shall be tolled as to the Dismissed Defendants.  Boehringer Ingelheim USA Corporation and Boehringer Ingelheim Corporation expressly reserve all jurisdictional defenses previously raised by motion in this proceeding, the tolling of the statute of limitations is without waiver of the jurisdictional defenses raised by these Defendants, and Plaintiff agrees that the tolling of such limitations period shall not be raised in an effort to assert jurisdiction over Boehringer Ingelheim USA Corporation or Boehringer Ingelheim Corporation in state or federal court in

3

Illinois. The purpose of this tolling agreement is to allow the Plaintiff additional time to assess and determine the legitimacy and viability of his claims without the necessity of continuing the action against the Dismissed Defendants.

      2. Should Plaintiff reinstate his claims against one or more of the Dismissed Defendants, then counsel for those Defendants has agreed to execute a waiver of service as provided in Rule 4(d) of the Federal Rules of Civil Procedure as a means of eliminating the requirement for formal service of process through the Dismissed Defendants registered agents.

Based upon the foregoing motion and stipulation, the Court GRANTS Plaintiff's motion for voluntary dismissal *without prejudice*, dismissing Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, and Boehringer Ingelheim Vetmedica, Inc. under the terms set forth herein.

**SO ORDERED**

David R. Herndon
2012.07.20
05:54:49 -05'00'

**Chief Judge**                                            **Date:  July 20, 2012**
**United States District Court**